# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-41V
**Filed: July 10, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| KRISTEN MURDOCK, parent of <br> S.M., deceased, | * <br> * <br> * | UNPUBLISHED |
| Petitioner, | * <br> * | Special Master Dorsey |
| v. | * <br> * | |
| SECRETARY OF HEALTH <br> AND HUMAN SERVICES, | * <br> * <br> * <br> * | Attorneys' fees and costs; <br> reasonable amount requested to <br> which respondent does not object. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

<u>Ronald C. Homer</u>, Conway, Homer and Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Alexis Babcock</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 13, 2011, Kristen Murdock (petitioner) filed a petition on behalf of her daughter, S.M., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that S.M. suffered an encephalopathy and later died as a result of her receipt of Hepatitis A, Varicella, and Measles-Mumps-Rubella ("MMR") vaccines on January 21, 2009. On March 18, 2014, a decision was entered awarding compensation to petitioner based on the parties' stipulation.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On July 9, 2014, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, respondent does not object to a total award of attorneys' fees and costs in the amount of $35,067.89. In accordance with General Order #9, petitioner states that she has advanced $861.00 in reimbursable costs in pursuit of her claim.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs and of petitioner's costs.

Accordingly, an award should be made as follows:

> in the form of a check jointly payable to petitioner and to Ronald C, Homer, of the Law Office of Conway, Homer & Chin-Caplan, P.C., in the amount of **$35,067.89**, and

> in the form of a check, payable solely to petitioner, in the amount of **$861.00**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

> s/ Nora Beth Dorsey
> Nora Beth Dorsey
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.